BLANCHARD, KRASNER & FRENCH
DAVID C. HAWKES; SBN: 224241
dhawkes@bkflaw.com
800 Silverado St., 2nd Floor
La Jolla, CA 92037
Telephone:  (858) 551-2440
Facsimile:   (858) 551-2434

MATCHA LAW
STEPHEN MATCHA; SBN: 249176
steve@matchalaw.com
13223 Black Mountain Rd., #233
San Diego, CA 92129-2699
Telephone:   (619) 565-3865

LAW OFFICE OF DAVID A. HUCH
DAVID A. HUCH; SBN: 222892
david.a.huch@gmail.com
12223 Highland Ave., Ste. 106-574
Rancho Cucamonga, CA 91739
Telephone:  (909) 463-6363
Facsimile:   (909) 614-7008

Attorneys for Plaintiff, MARVIN LOUKA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MARVIN LOUKA, Individually and On Behalf of All Others Similarly Situated,

              Plaintiffs,

v.

AT&T MOBILITY SERVICES LLC, a Delaware Corporation; and DOES 1 through 20, inclusive,

              Defendants.

Case No. **'23CV2031 RSH MSB**

**CLASS ACTION**

**COMPLAINT FOR COMPENSATORY DAMAGES, PENALTIES, RESTITUTION & INJUNCTIVE RELIEF:**

1. Failure to Pay Wages for All Hours Worked, including Overtime, in Violation of Cal. Labor Code §§ 510, 1194 & 1197;
2. Failure to Provide Meal Periods and Pay Meal Period Compensation in Violation of Cal. Labor Code § 226.7;

**CLASS ACTION COMPLAINT**

3. Failure to Authorize and Permit Rest Periods and Pay Rest Period Compensation in Violation of Cal. Labor Code § 226.7;
4. Failure to Provide Accurate Itemized Wage Statements in Violation of Cal. Labor Code §§ 226 and 226.3; and
5. Unlawful and Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 et seq,

**JURY TRIAL DEMANDED**

Plaintiff, MARVIN LOUKA, on his own behalf, all others similarly situated, and on behalf of the general public, allege causes of action against defendants, and each of them, as follows:

**GENERAL ALLEGATIONS**

1.   This is a class action and state enforcement action brought by Plaintiff MARVIN LOUKA ("Plaintiff") individually and on behalf of current and former California-based, non-exempt employees of Defendant AT&T MOBILITY SERVICES LLC ("Defendant") during the period of October 27, 2019 to the present.

2.   California and Federal law provide that employees must be paid overtime at one-and-one-half times their "regular rate of pay." Similarly, California Labor Code Section 226.7 provides that employees who are not provided a meal or rest period in accordance with California law shall be paid an additional hour of pay "at the employee's regular rate of compensation."

3.   Plaintiff and other members of the Class have been compensated at an hourly rate plus Defendants' non-discretionary commission and bonus program, that provides employees, who paid on an hourly basis, with commission and bonus compensation when these employees meet various sales or performance goals. However, when calculating the regular rate of pay in order to pay overtime and/or meal and rest period premiums to Plaintiff and other members of the Class, Defendant

-1-

did not include the non-discretionary commission and bonus monies earned by Plaintiff and other employees. Management and supervisors described the commission and bonus program to potential and new employees as part of the compensation package. As a matter of law, the commission and bonus compensation received by Plaintiff and other members of the Class must be included in the "regular rate of pay" and/or "regular rate of compensation." The failure to do so has resulted in Defendant's systematic underpayment of overtime compensation, and meal and rest period premium pay to Plaintiff and other current and former non-exempt employees. As an example, during the pay period of January 15, 2023 to January 28, 2023, the following facts are undisputed and are stated on Plaintiff's itemized wage statements that were created and issued by Defendant: (a) Defendant paid Plaintiff an hourly rate of $18.49 for non-overtime hours during the Jan.15-28, 2023 pay period; (b) Plaintiff worked 4.85 hours of overtime during the Jan.15-28, 2023 pay period; (c) Plaintiff earned $561.91 in the form of non-discretionary commission wages during the Jan.15-28, 2023 pay period; and (d) Defendant did not include the aforementioned commission wages in Plaintiff's overtime rate of pay, but instead calculated Plaintiff's overtime rate of pay to be $27.73 (based solely off of the $18.49 hourly rate) for the 4.85 hours of overtime incurred by Plaintiff during the Jan.15-28, 2023 pay period. The commission and/or bonus monies paid by Defendant to Plaintiff during the Jan.15-28, 2023 pay period constituted wages within the meaning of the California Labor Code and thereby should have been part of Plaintiff's "regular rate of pay." To date, Defendant has not fully paid Plaintiff overtime wages still owed to him under Labor Code §§ 510 and 1194.

4.     Plaintiff and other current and former non-exempt employees have also been required by Defendant to work during meal periods and rest periods. Defendant's non-exempt employees have not been provided with state-mandated meal periods of an uninterrupted thirty minutes within the first five hours of daily work periods lasting

**CLASS ACTION COMPLAINT**

more than five hours, and have not received a second meal period within the first ten hours of daily work periods lasting more than ten hours. Defendant's current and former non-exempt employees also have not been authorized and permitted to take state-mandated rest periods of an uninterrupted ten minutes' rest during every four hour work period, or major fraction thereof.

5.      Defendant has also intentionally and improperly administered and employed a corporate policy, practice and/or custom that requires its retail store employees, including Plaintiff, to report for their assigned shifts approximately 15 to 20 minutes prior to the "beginning" of their shifts in order to "set up" Defendant's retail locations. These mandatory "set up" procedures, as memorialized in Defendant's detailed "*Store Opening Policy - AT&T Retail*," require Defendant's non-exempt employees to inspect the store front for signs of forced entry (such as broken glass or a damaged door), look for "suspicious people" loitering near the store, unlock and enter the store and then relock the front and rear doors after entering, disarm the security alarm, place inventory on the floor in a designated locked cabinet or drawer, power on all POS terminals and payment stations, power on all computers and log into their workstations -- all *before* clocking into Defendant's timekeeping system. This process takes approximately 15 to 20 minutes to complete, each and every work shift, before Defendant's employees are logged into the timekeeping system. Defendant has also intentionally and improperly administered and employed a corporate policy, practice and/or custom that requires its retail store employees, including Plaintiff, to continue working for Defendant approximately 10 to 15 minutes after the "end" of their work shifts in order to "close" Defendant's retail locations. These mandatory "closing" procedures, as memorialized in Defendant's detailed "*Daily Store Closing Policy - AT&T Retail*," require Defendant's non-exempt employees to reconcile and balance all registers and prepare the daily deposit, lock all interior doors, including rooms containing security and server equipment, and all exit

**CLASS ACTION COMPLAINT**

doors and windows, activate the store alarm, close the store security gates, all after logging out of Defendant's timekeeping system. This process takes approximately 10 to 15 minutes to complete, each and every work shift, after Defendant's employees are logged off of the timekeeping system. Retail store employees who fail to complete these pre-shift "set up" procedure and/or post-shift "closing" duties are reprimanded and given verbal warnings. This additional labor is not reflected on the pay stubs or work records of Plaintiff's and Defendant's other non-exempt employees. These required pre-shift "set up" procedures also increased Plaintiff's workday shift beyond the scheduled eight (8) hours and thus entitled him to overtime compensation from Defendant, for which he was also not paid.

6. At all relevant times, Defendant has possessed actual and constructive knowledge of the off-the-clock hours worked by its retail employees. The aforementioned corporate policies, practices and/or customs have also resulted in Defendant's knowing and intentional issuance of inaccurate wage statements to its non-exempt employees.

7. The policies and practices of Defendant, as alleged herein, are unlawful, unfair and deceptive business practices, whereby Defendant has retained wages due to Plaintiff and other similarly situated employees for all hours worked. Defendant's unlawful, unfair and deceptive employment and wage practices cheat Plaintiff and other California-based non-exempt employees out of their lawful wages due for all hours worked, as required by California law. Plaintiff therefore seeks an injunction enjoining such conduct by Defendant in the future, restitution for all members of the alleged Class, including Plaintiff, and all other appropriate equitable relief.

## IDENTIFICATION OF THE PARTIES

8. Plaintiff MARVIN LOUKA is a competent adult who resides in the City of Anaheim, State of California. During the time period of January 2022 to the present, Plaintiff has been employed by Defendant at one of its many AT&T Mobility

**CLASS ACTION COMPLAINT**

stores in the State of California as an hourly, non-exempt employee. Plaintiff was paid in whole or in part on an hourly basis and received additional compensation from Defendant in the form of sales commissions and non-discretionary bonuses.

9.      Plaintiff is informed and believes, and based thereon alleges, that Defendant AT&T MOBILITY SERVICES LLC is a Delaware Corporation doing business in the State of California. Defendant's principle place of business is located in Atlanta, Georgia.

10.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendant and DOES 1 through 20, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11.     The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendant's officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of the Defendant.

12.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, all Defendants, and each of them, were acting as the agent and/or employee of each remaining co-defendant, and were acting with permission and consent of each other, and within the course and scope of said agency and/or employment.  Plaintiff is further informed and believes that each co-defendant, by and through its officers, directors or managing agents, ratified, authorized and approved, expressly or implicitly, all of the conduct alleged herein.

13.     When in this Complaint reference is made to any act of the "Defendants," such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendants named in this lawsuit committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the

**CLASS ACTION COMPLAINT**

affairs of the Defendants and did so while acting within the scope of their employment or agency.

## JURISDICTION AND VENUE

14.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs

15.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d), because, Plaintiff is informed and believes, and thereon alleges, that the amount in controversy exceeds $5,000,000.00 and the parties are citizens of diverse jurisdictions.

16.    Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391, because Defendants operate substantial business operations in San Diego County, California, and because a substantial part of the events giving rise to the class action claims occurred in this district.

## CLASS ACTION ALLEGATIONS

17.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

18.    Plaintiff brings this suit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following putative class Plaintiff will seek to certify is currently composed of and defined as follows:

> All persons who have been employed by Defendant AT&T MOBILITY SERVICES, LLC as non-exempt employees in the State of California from September 21, 2022, to the present ("the CLASS").

19.    Numerosity: The potential number of members of the CLASS as defined is so numerous that joinder of all members would be unfeasible and unpractical. The disposition of their claims through this class action will benefit both the parties and this Court. The quantity of members of the CLASS is currently unknown to Plaintiff;

-6-

however, it is estimated that there are at least 1,500 members each in the CLASS. The quantity and identity of such membership is readily ascertainable via inspection of Defendant's employment records, which Defendant are required to maintain under California law.

20. <u>Typicality</u>: The claims of Plaintiff are typical of the claims of all members of the CLASS mentioned herein because all members of the CLASS sustained injuries and damages arising out of Defendant's common course of conduct in violation of California wage and hour law, and the injuries and damages of all members of the CLASS were caused by Defendant's wrongful conduct in violation of California statutory and regulatory law, as alleged herein.

21. <u>Adequacy</u>: Plaintiff is an adequate representative of the CLASS and will fairly protect the interests of the members of the alleged CLASS, and has no interests antagonistic to the members of the alleged CLASS and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

22. <u>Superiority</u>. The nature of this action and the nature of the laws available to Plaintiff make the use of the class action format a particularly effective and appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein:

23. There are common questions of fact and law as to the members of the CLASS, which predominate over questions affecting only individual members of the alleged CLASS including, without limitation:

a. Whether Defendant has unlawfully failed to correctly calculate and pay overtime compensation to members of the CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

b. Whether the members of the CLASS are entitled to overtime compensation for overtime hours worked under the overtime pay

**CLASS ACTION COMPLAINT**

1    requirements of California law;

2    c.    Whether Defendant has lawfully provided meal periods to members of

3    the CLASS in compliance with California's strict wage and hour laws

4    and regulations;

5    d.    Whether Defendant has lawfully authorized and permitted rest periods

6    to members of the CLASS in compliance with California's strict wage

7    and hour laws and regulations;

8    e.    Whether Defendant has unlawfully failed to correctly calculate and pay

9    meal period premiums to members of the CLASS in violation of the

10    California Labor Code and California regulations and the applicable

11    California Wage Order;

12    f.    Whether the members of the CLASS are entitled to extra compensation

13    for Defendant's failure to provide meal periods and/or to pay the

14    regular rate of compensation for late, short or missed meal periods, as

15    required by California Labor Code Section 226.7;

16    g.    Whether Defendant has unlawfully failed to correctly calculate and pay

17    rest period premiums to members of the CLASS in violation of the

18    California Labor Code and California regulations and the applicable

19    California Wage Order;

20    h.    Whether the members of the CLASS are entitled to extra compensation

21    for Defendant's failure to authorize and permit rest periods and/or pay

22    the regular rate of compensation for late, short or missed meal periods,

23    as required by California Labor Code Section 226.7;

24    i.    Whether Defendant has required, suffered and/or permitted members of

25    the CLASS to perform off-the-clock work duties in connection with

26    opening and closing Defendant's retail store locations in California;

27    j.    Whether Defendant failed to accurately record the applicable overtime

28

**CLASS ACTION COMPLAINT**

rates of pay, meal and rest period rates of compensation, and sick pay rates of pay earned by Plaintiff and the other members of the alleged CLASS;

k.    Whether Defendant knowingly and intentionally failed to furnish accurate, itemized wage statements to members of the CLASS;

l.    Whether Defendant's conduct constituted unfair or unlawful business practices within the meaning of Business & Professions Code § 17200 *et seq.*;

m.    Whether the members of the alleged CLASS are entitled to compensatory damages, and if so, the means of measuring such damages;

n.    Whether the members of the alleged CLASS are entitled to injunctive relief;

o.    Whether the members of the alleged CLASS are entitled to restitution;

p.    Whether the members of the alleged CLASS are entitled to disgorgement of profits;

q.    Whether Defendants are liable for pre-judgment interest; and

r.    Whether Defendants are liable for attorneys' fees and costs.

**FIRST CAUSE OF ACTION**
(Failure to Pay Wages for All Hours Worked, including Overtime, in Violation of Cal. Labor Code §§ 510, 1194 & 1197)
(On Behalf of Plaintiff and the CLASS)

24.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

25.    During the applicable statutory period, California Labor Code §§ 1182.11, 1182.12 and 1197, and the IWC Minimum Wage Order were in full force and effect and required that Defendants' hourly employees receive the minimum wage for all hours worked.

-9-

26.    Section 2(H) of IWC Wage Order No. 9-2001 defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

27.    California Labor Code § 1194(a) provides as follows: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum or overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit."

28.    California Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

29.    California Labor Code section 1197.1 provides, in part: "(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty, restitution of wages, and liquidated damages payable to the employee . . . ."

30.    As alleged throughout, Plaintiff and CLASS members were not compensated for all hours worked – potentially for several hours per week.

31.    Plaintiff and CLASS Members did not enter into legally binding agreements with Defendants to work for a lesser wage.

32.    Defendant's conduct, as alleged herein, violates the aforementioned California statutes and regulations because throughout the applicable time period, Defendant's policies, practices and procedures resulted in a failure to compensate Plaintiff and CLASS Members for all hours worked.

**CLASS ACTION COMPLAINT**

33.    As alleged in more detail above, Defendant's standardized policies, procedures resulted in Plaintiff and CLASS Members being denied regular pay/minimum wages for regular hours worked by, *inter alia*, requiring them work hours off the clock in order to complete their mandated job duties.

34.    As a direct and proximate result of Defendant's unlawful acts and/or omissions, as alleged herein, Plaintiff and CLASS Members have been deprived, and continue to be deprived, of regular pay and mandated minimum wages for regular hours worked in an amount to be determined at trial, are entitled to a recovery of such amount, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

35.    Plaintiff and the other members of the CLASS bring a claim for Defendants' failure to accurately calculate the applicable rates for all overtime hours worked by Plaintiff and other member of the CLASS.

36.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

37.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

38.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with attorneys' fees and costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

39.    Defendant maintained a uniform wage practice of paying Plaintiff and the other members of the CLASS without regard to the correct applicable overtime rate for the number of overtime hours they worked. As set forth herein, Defendant's

**CLASS ACTION COMPLAINT**

uniform policy and practice is to unlawfully and intentionally deny timely payment of wages due for the overtime hours worked by the Plaintiff and the other members of the CLASS, and Defendant have failed to pay these California employees the correct applicable overtime wages for all overtime hours worked.

40.    In committing these violations of the California Labor Code, Defendant inaccurately calculated the applicable overtime rates and consequently underpaid the actual hours worked. Defendant acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

41.    As a direct result of Defendant's unlawful wage practices as alleged herein, Plaintiff and the other members of the CLASS did not receive full compensation for all overtime hours worked.

42.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to Plaintiff and the other members of the CLASS. Further, Plaintiff and the other members of the CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, Plaintiff brings this Action on behalf of herself and the CLASS based on Defendant's violations of non-negotiable, non-waiveable rights provided by the State of California.

43.    By virtue of Defendant's unlawful failure to accurately pay all earned compensation to Plaintiff and the other members of the CLASS, Plaintiff and the other members of the CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

44.    Plaintiff and the other members of the CLASS therefore request recovery

**CLASS ACTION COMPLAINT**

of all unpaid wages, including overtime wages, according to proof, interest, attorneys' fees and costs of suit, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other applicable statutes.

## SECOND CAUSE OF ACTION
(Failure to Provide Meal Periods and Pay Meal Period Compensation
in Violation of Cal. Labor Code § 226.7)
(On Behalf of Plaintiff and the CLASS)

45.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

46.    At all relevant times, Defendant failed in their affirmative obligation to ensure that Plaintiff and the other members of the CLASS had the opportunity to take and were provided with off-duty meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. As such, Defendant is responsible for paying premium compensation for missed meal periods pursuant to Labor Code§§ 226.7 and 512 and the applicable IWC Wage Order. Specifically, Labor Code§ 226.7(c) provides that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday the meal or rest or recovery period is not provided." Defendant, as a matter of corporate policy and procedure, regularly failed to provide meal periods to Plaintiff and members of the CLASS and/or failed to pay the meal period premium at the correct rate of compensation. Plaintiff and the other members of the earned commissions and non-discretionary bonus or incentive pay, which was not factored into the regular rate of compensation for purposes of paying meal period premium pay. Instead, during pay periods in which Plaintiff and the other members of the CLASS earned commissions and non-discretionary remuneration, Defendant improperly paid the meal premium pay at the base rate of pay.

47.    Plaintiff is informed and believe and based thereon alleges that

-13-

Defendant failed to include all remuneration, including commissions and non-discretionary remuneration, in the regular rate of compensation for purposes of calculating meal period premium pay, as required by Labor Code§§ 226.7 and 512, and the applicable IWC Wage Order. Plaintiff further alleges that Plaintiff and similarly situated employees are owed wages for the undisputed meal period violations, as set forth in Defendants' own records.

48.    Plaintiff further alleges, on the basis of information and belief, that at all relevant times, Defendant has promulgated and enforced policies under which members of the CLASS, including Plaintiff, regularly worked more than five hours in a daily work period lasting longer than five hours without being provided with an uninterrupted, thirty-minute meal period during which members of the CLASS, including Plaintiff, were relieved of all of their respective work duties, or under which members of the CLASS, including Plaintiff, were not provided with a thirty-minute meal period during the first five hours of their work shifts. Defendant has also otherwise failed to provide CLASS members with state-mandated meal periods, including requiring CLASS members to take unlawful "on duty" meal periods.

49.    Defendant's policies and practices have required their non-exempt employees, including Plaintiff, to remain working until certain goals are met, regardless of whether meal periods have been provided. This requirement, combined with Defendant's failure to ensure adequate staffing, has resulted in Defendants' failure to provide its non-exempt employees, including Plaintiff, with state-mandated meal periods.

50.    All members of the CLASS, including Plaintiff, are entitled to additional wages pursuant to California Labor Code Section 226.7 for each daily work period lasting more than five hours during which members of the CLASS, including Plaintiff, were not provided with an uninterrupted, thirty minute meal period, or during which members of the CLASS were not provided with an uninterrupted thirty-minute meal

**CLASS ACTION COMPLAINT**

period during the first five hours of their work shifts.  Members of the CLASS, including Plaintiff, are also entitled to additional wages pursuant to California Labor Code Section 226.7 for each daily work period lasting more than ten hours during which members of the CLASS, including Plaintiff, were not provided with a second uninterrupted, thirty minute meal period, or during which members of the CLASS were not provided with a second uninterrupted thirty-minute meal period during the first ten hours of their work shifts.

51.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the members of the CLASS identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 226.7 and 512.

## THIRD CAUSE OF ACTION
(Failure to Authorize and Permit Rest Periods and
Pay Rest Period Compensation in Violation of Cal. Labor Code § 226.7)
(On Behalf of Plaintiff and the CLASS)

52.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

53.    At all relevant times, Defendant failed in  its affirmative obligation to ensure that Plaintiff and the other members of the CLASS were authorized and permitted to take off-duty rest periods in  accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. As such, Defendant is responsible for paying premium compensation for missed rest periods pursuant to Labor Code §§ 226.7 and the applicable IWC Wage Order. Specifically, Labor Code§ 226.7(c) provides that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday the meal or rest or recovery period is not provided." Defendant, as a matter of corporate policy and procedure, regularly failed to pay the rest period premium at the correct rate of

**CLASS ACTION COMPLAINT**

compensation. Plaintiff and the other members of the CLASS earned commissions and non-discretionary bonus or incentive pay, which was not factored into the regular rate of compensation for purposes of paying rest period premium pay. Instead, during pay periods in which Plaintiff and the other members of the CLASS earned commissions and non- discretionary remuneration, Defendant improperly paid the meal premium pay at the base rate of pay.

54.     Plaintiff is informed and believe and based thereon alleges that Defendants failed to include all remuneration, including commissions and non-discretionary remuneration, in the regular rate of compensation for purposes of calculating rest period premium compensation, as required by Labor Code §§ 226.7, and the applicable IWC Wage Order. Plaintiff further alleges that Plaintiff and similarly situated employees are owed wages for the undisputed rest period violations, as set forth in Defendant's own records.

55.     Plaintiff alleges, on the basis of information and belief, that during all relevant times, Defendant has promulgated and enforced policies under which members of the CLASS, including Plaintiff, have regularly worked more than four hours per day without being authorized and permitted to take one or more paid rest periods of at least ten minutes for each four hours of work time, or major fraction thereof, during which the members of the CLASS, including Plaintiff, were relieved of all of their respective work duties.

56.     Defendant has adopted and maintained uniform corporate rest period policies and procedures that violate California law, including the applicable Industrial Welfare Commission Wage Order.  Defendant has failed to authorize and permit members of the CLASS, including Plaintiff, to take ten-minute rest periods every four hours or major fraction thereof.

57.     Defendant's policies and practices have required their non-exempt employees, including Plaintiff, to remain working until certain goals are met,

**CLASS ACTION COMPLAINT**

regardless of whether rest periods have been authorized and permitted. This requirement, combined with Defendant's failure to ensure adequate staffing, has resulted in Defendant's failure to authorize and permit its non-exempt employees, including Plaintiff, with state-mandated rest periods.

58.    Plaintiff alleges, on the basis of information and belief, that members of the CLASS, including Plaintiff, have suffered harm and monetary damages, in an amount to be ascertained at trial.  Plaintiff and the other members of the CLASS and are entitled to additional wages pursuant to California Labor Code Section 226.7 for each four hour work period, or major fraction thereof, during which members of the CLASS were not permitted and authorized to take one or more ten minute rest periods

59.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the members of the CLASS identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 226.7 and 512.

## FOURTH CAUSE OF ACTION
(Failure to Provide Accurate Itemized Wage Statements)
(On Behalf of Plaintiff and the alleged CLASS)

60.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

61.    Labor Code Section 226 requires an employer to keep accurate, itemized pay statements.  Under California law, gross wages earned, the precise, actual number of hours and minutes worked by a non-exempt employee, all deductions, net wages earned, inclusive dates of the pay period, the name of the employee, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period must be accurately itemized on each pay statement.

62.    At all times relevant herein, Defendant violated Cal. Lab. Code § 226 in that Defendant failed to provide an accurate wage statement in writing that properly

**CLASS ACTION COMPLAINT**

and accurately itemized the actual number of hours worked, as well as the effective overtime rates of pay for overtime hours worked, by Plaintiff and the other members of the CLASS and thereby also failed to set forth the correct hours worked and wages earned by such employees.

63.     At all times relevant herein, Defendant further violated Cal. Lab. Code § 226 in that Defendant failed to provide an accurate wage statement in writing that properly and accurately itemized meal period premiums for Plaintiff and CLASS members' missed, late and short meal periods, and/or properly and accurately itemized the effective meal period premium rates of compensation paid by Defendants to Plaintiff and the other members of the CLASS and thereby failed to set forth the correct wages earned by the employees.

64.     At all times relevant herein, Defendant further violated Cal. Lab. Code § 226 in that Defendant failed to provide an accurate wage statement in writing that properly and accurately itemized rest period premiums for Plaintiff and CLASS members' missed, late and short rest periods, and/or properly and accurately itemized the effective rest period premium rates of compensation paid by Defendants to Plaintiff and the other members of the CLASS and thereby failed to set forth the correct wages earned by the employees.

65.     Defendant knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to Plaintiff and the other members of the alleged CLASS. These damages include, but are not limited to, costs expended calculating the actual number of hours worked, the correct rates for earned overtime hours, meal and rest period premiums,  as well as the amount of employment taxes which were not properly paid to state and federal tax authorities. Therefore, Plaintiff and the other members of the alleged CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant

-18-

to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for the Plaintiff and each respective member of the alleged CLASS).

### FIFTH CAUSE OF ACTION
(Unlawful and Unfair Business Practices:
Business & Professions Code § 17200 *et seq.*)
(On behalf of Plaintiff, the alleged CLASS)

66.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

67.    Each named Defendant is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

68.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.
>
> Cal. Bus. & Prof. Code § 17203.

69.    By the conduct alleged herein, Defendant has engaged and continues to engage in a business practice which violates California law, including but not limited to, Wage Order 4-2001, the California Code of Regulations and the California Labor Code, including Sections 226.7, 510, 512, 1194 and 1197, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203

as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

70.    By the conduct alleged herein, Defendant's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

71.    By the conduct alleged herein, Defendant's practices were deceptive and fraudulent in that Defendant's uniform policy and practice failed to pay Plaintiff, and other members of CLASS, wages due for all hours worked, including overtime, failed accurately to record the applicable rate of all overtime hours worked, and failed to provide the required amount of overtime compensation due to a systematic miscalculation of the overtime rate that cannot be justified, failed to provide meal periods and pay meal period premiums at the correct rate of pay, failed to authorize and permit rest periods and pay rest period premiums at the correct rate of pay, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

72.    By the conduct alleged herein, Defendant's practices were also unlawful, unfair and deceptive in that Defendant's employment policies and practices failed to pay Plaintiff, and other members of the CLASS, wages due for all hours worked, including overtime, wages due for missed, short and late meal and rest periods, failed accurately to record the applicable rate of compensation for all overtime hours, and failed to provide the required amount of meal and rest period premium pay due to a systematic miscalculation of the regular rate of compensation that cannot be justified.

**CLASS ACTION COMPLAINT**

73.    By and through the unlawful and unfair business practices described herein, Defendant has obtained valuable property, money and services from Plaintiff and the other members of the alleged CLASS, including earned wages for all hours worked, including overtime, and for all missed meal and rest periods, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of Defendant so as to allow Defendant to unfairly compete against competitors who comply with the law.

74.    Plaintiff and the other members of the alleged CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Defendant has acquired, or of which Plaintiff the other members of the alleged CLASS have been deprived, by means of the above described unlawful and unfair business practices

75.    Plaintiff is informed and believes, and thereon alleges, that unless restrained and ordered to pay restitution and disgorge profits derived from these unlawful and unfair employment practices, Defendant will continue to engage in the unlawful and unfair acts and/or omissions described in this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on his own behalf, and on behalf of all others similarly situated, prays for judgment as follows:

1.    That the Court issue an Order certifying the alleged CLASS, appointing the named Plaintiff as representatives of all others similarly situated and appointing the law firms representing the named Plaintiff, Blanchard, Krasner and French, Matcha Law, and the Law Office of David A. Huch, as counsel for members of the alleged CLASS;

2.    For compensatory damages according to proof to Plaintiff and the members of the alleged CLASS;

3.    For prejudgment interest at the legal rate pursuant to Civil Code §§ 3287,

-21-

3288 & 3289, and any other legal rate that may be applicable to Plaintiff's causes of action;

4.    For an Order compelling Defendant to restore unpaid wages, expenditures, losses, income and other related benefits (in the form of restitution) to each of the members of the alleged CLASS who have suffered as a result of Defendant's unlawful and unfair employment practices alleged herein;

5.    For an order compelling Defendant to disgorge and pay over to Plaintiff and the members of the alleged CLASS all profits and savings resulting from Defendant's unlawful and unfair business practices alleged herein;

6.    For issuance of a permanent injunction enjoining Defendants, and each of them, from continuing to engage in the unlawful and unfair business practices alleged herein;

7.    For attorneys' fees and litigation expenses pursuant to all applicable statutes, including Labor Code sections 218.5, 226, 1194, and as otherwise permitted by law; and

8.    For such other and further relief as the court deems just and proper;

DATED:  November 2, 2023          BLANCHARD, KRASNER & FRENCH

                                  ___/s/ David Hawkes_____
                                  DAVID C. HAWKES
                                  Attorneys for Plaintiff MARVIN LOUKA,
                                  individually, on behalf of all others similarly
                                  situated, and on behalf of the general public.

                                  MATCHA LAW
                                  Stephen Matcha; SBN: 249176
                                  steve@matchalaw.com
                                  13223 Black Mountain Rd., #233
                                  San Diego, CA 92129-2699
                                  Telephone:  (619) 565-3865

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICE OF DAVID A. HUCH
David A. Huch; SBN: 222892
david.a.huch@gmail.com
12223 Highland Ave., Ste. 106-574
Rancho Cucamonga, CA  91739
Telephone:  (909) 463-6363
Facsimile:   (909) 614-7008

-23-

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28